UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Chang Gilford,

          Plaintiff

v.

Kevin Campbell,

          Defendant

Case No. 2:23-cv-01353-CDS-NJK

**Order Adopting Magistrate Judge's Report & Recommendation and Closing Case**

[ECF Nos. 1, 6]

      Pro se defendant Kevin Campbell attempts to remove a justice court action, brought against him by Chang Gilford, to this court by filing an application to proceed in forma pauperis and notice of removal. ECF Nos. 1, 1-2. United States Magistrate Judge Nancy Koppe ordered Campbell to file a copy of the complaint and all related documents in the underlying state court case by October 27, 2023. Order, ECF No. 4. Campbell was advised that failure to comply with the order would result in a recommendation that the action be dismissed. *Id.* After the deadline passed and Campbell had not complied, Judge Koppe issued an R&R recommending that this case be dismissed with prejudice. R&R, ECF No. 6. Neither party objected to the R&R before the November 16, 2023 deadline. *See* 28 U.S.C. § 636(b)(1); LR IA 3-1(a) (stating that parties wishing to object to the R&R must file objections within fourteen days). Although I am not required to review Judge Koppe's R&R,[1] I nonetheless reviewed it and find good cause to accept and adopt Judge Koppe's R&R in full.

      A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule). In determining whether to dismiss an action on this ground, the court must balance five factors: (1) the public's interest in expeditious resolution of

---

[1] "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 149–150 (1985).

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012). The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. However, the third factor, risk of prejudice to defendants, does not. Nevertheless, as noted in Judge Koppe's R&R, this is Campbell's second attempt to remove this case. Order, ECF No. 4. The prior removal suffered the same deficiencies and was ultimately remanded to the Las Vegas Township Justice Court. *See Chang v. Campbell*, 2:23-cv-00651-CDS-VCF. Campbell was given an opportunity in this case, and the last, to cure the defects in his removal by providing information about the underlying state court case, but he failed to take advantage of those opportunities. While Campbell, as the defendant, would suffer prejudice should this case be dismissed, he has done nothing to save the matter from dismissal. And failure to comply with an order of the court is cause for dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) *as amended* (May 22, 1992) (dismissal for failure to comply with court order); Fed. R. Civ. P. 41(b) (authorizing involuntary dismissal for failure to comply with a court order).

The fourth factor, the public policy favoring disposition of cases on their merits, by definition, weighs against dismissal. At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with orders and deadlines cannot move toward resolution on the merits. So while this factor weighs against dismissal, its weight is significantly diminished by the fact that Campbell's failure to comply with court orders impedes this case from moving toward disposition on the merits.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that effectuated the court's need to consider dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); *accord*

*Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accept[] pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

Litigation cannot progress without compliance of court orders; the only alternative is to enter a second order setting another deadline for Campbell to provide the documents necessary to proceed. But issuing a second order will only delay the inevitable and further squander the court's finite resources. Given that Campbell has chosen to ignore multiple court orders, and an explicit warning that noncompliance would result in dismissal, setting another deadline is not a meaningful alternative. Thus, I find that there is no lesser, alternative sanction that would secure Campbell's compliance. Taken together, I find that these five factors weigh in favor of dismissal.

## Conclusion

IT IS THEREFORE ORDERED that Magistrate Judge Koppe's report and recommendation **[ECF No. 6] is ADOPTED** in its entirety.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice based on the defendant's failure to provide any information about the underlying court case in compliance with the court's order.

IT IS FURTHER ORDERED that plaintiff's application for leave to proceed in forma pauperis **[ECF No. 1] is DENIED as moot**.

The Clerk of Court is kindly directed to enter judgment in favor of plaintiff and against defendant, and close this case.

DATED: November 30, 2023

_____
Cristina D. Silva
United States District Judge